LYNCH v. EUSTIS.

(Supreme Court, Appellate Term. January 7, 1904.)

1. PROCESS—SUBSTITUTED SERVICE—JURISDICTION.

Proof of residence within the state is essential to jurisdiction to order substituted service of the summons and complaint on defendant pursuant to Code Civ. Proc. § 435, which designates the person on whom its provisions may become operative as "a defendant residing within the state."

Appeal from City Court of New York, Special Term.

Action by Owen L. Lynch against Newton B. Eustis. From an order denying defendant's motion to set aside an order for substituted service of the summons and complaint, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

C. Haldane, for appellant.

W. B. Anderson, for respondent.

PER CURIAM. This is an appeal from an order denying the defendant's motion to set aside an order for substituted service of the summons and complaint upon him. But one question is presented, viz., is proof of residence within the state essential to confer jurisdiction? We think it is. The order was made pursuant to section 435

of the Code of Civil Procedure. The language of this section designating the status of the person upon whom its provisions may become operative is "upon a defendant residing within the state." The record is barren of such proof. The court was within jurisdiction, and the order is void.

Order reversed, with $10 costs and disbursements. All concur.